# GIORDANO, HALLERAN & CIESLA, P.C.

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
WWW.GHCLAW.COM

DONALD F. CAMPBELL, JR.
SHAREHOLDER
DIRECT: (732) 219-5494
DCAMPBELL@GHCLAW.COM

*Please Reply To:*

125 HALF MILE ROAD
SUITE 300
RED BANK, NJ 07701
(732) 741-3900
FAX: (732) 224-6599

April 8, 2018

Client/Matter No. 21667/1

<u>Via E-Filing</u>
The Honorable Michael B. Kaplan
United States Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, New Jersey 08608

 Re:    **Anil Kumar, Case No. 17-33174**

**LETTER-BRIEF IN OPPOSITION TO DEBTOR'S MOTION TO VOID
JUDGMENT LIENS**

Your Honor:

 This office represents Shree Ji, Inc. ("*Shree Ji*" or the "*Landlord*"), a judgment-creditor

in the above-captioned matter. The Debtor, Anil Kumar (the "*Debtor*"), is represented by the

law firm of Scura, Wigfield, Heyer, Stevens & Cammarota, LLP. Please accept this short letter

brief in lieu of more formal pleadings in opposition to the Debtor's motion to void judgment

liens. The matter is returnable on April 15, 2019, at 10:00 am.

*Background*

 1. As the Debtor mentions in his papers, Shree Ji holds a judgment against the Debtor

and his assets in the amount of $57,315.00, which stems from unpaid rent on a commercial

premises owned by Shree Ji and leased to the Debtor.

RED BANK  •  TRENTON  •  NEW YORK CITY

GIORDANO, HALLERAN & CIESLA
A Professional Corporation
ATTORNEYS-AT-LAW

Hon. Michael B. Kaplan, U.S.B.J.
April 8, 2019
Page 2

2.      On October 16, 2018, the Debtor filed amended schedules, listing Shree Ji as a creditor for the first time, [Doc. 57].

3.      On October 18, 2018, the court entered an order allowing newly added creditors 60 days to file a proof of claim. [Doc. 60].

4.      In accordance with the court's order, on December 4, 2018, Shree Ji filed its proof of claim, [Claim 7-1], outlining the debt owed to it by the Debtor, and attaching the Order for judgment from the Superior Court of New Jersey, Law Division, Middlesex County.

5.      The Debtor now seeks to void Shree Ji's judgment lien against his property.

6.      For the reasons that follow, the Debtor's motion related to Shree Ji must be denied.

*Legal Analysis*

The Debtor's reliance on cases from the Northern District of Ohio from 2009, and the Bankruptcy Court for the District of South Carolina from 2001 in support of the proposition that he may avoid a judicial lien even if he lacks equity in his property is misplaced.  Instead, Congress has adopted the dissent from the Third Circuit Court of Appeals in *In re Simonson*, 758 F.2d 103 (3d. Cir. 1985), wherein a judicial lien cannot be avoided if it is junior to the other encumbrances on the property – such as a mortgage.   *See* H.R. Rep. No. 103-835 at 53-4 (1994) (1994 WL 562232) ("The position of the dissent in [the *Simonson*] case is adopted."); *see also In re Taitt*, 452 B.R. 900, 902 (Bankr. M.D. Pa. 2011) (discussing Congress' overruling of *Simonson* and adopting the dissent).

Specifically, the dissenting judge in *Simonson* opined:

RED BANK   •   TRENTON   •   NEW YORK CITY

GIORDANO, HALLERAN & CIESLA
A Professional Corporation
ATTORNEYS-AT-LAW

Hon. Michael B. Kaplan, U.S.B.J.
April 8, 2019
Page 3

> In my view, under the structure of the bankruptcy code, the relative priority positions of the four encumbrances are critical. I believe that a judicial lien "impairs" an exemption with respect to overencumbered property to the extent that the judicial lien, according to its amount and priority position, attaches to a portion of the value of the property. For example, in this case judicial liens of $14,411.33 are junior only to a valid mortgage of $25,145.95 on a property worth $58,250. Because $39,567.28 ($14,411.33 + $25,145.95) is less than $58,250, the full amount of the judicial liens attaches to value in the property, impairs the exemption, and is therefore avoidable under section 522(f). On the other hand, if both valid mortgages were senior to the judicial liens, as will commonly be the case, I would agree that the judicial liens would not impair the exemption. If the two mortgages were senior, only the first mortgage ($25,145.95) and a portion of the second mortgage ($58,250 - $25,145.95 = $33,104.05) would attach to the value of the property; hence, the judicial liens would not be avoidable under section 5222(f).

*Simonson*, 758 F.2d at 107.  Here, it is quite obvious the mortgages are senior to the judicial liens.

In particular, Shree Ji obtained a judgment against the Debtor on September 7, 2017.  The Debtor

filed his petition for bankruptcy approximately two months later – November 15, 2017.  Clearly,

the Debtor had mortgages on his property well-before Shree Ji obtained a judgment against him.

Accordingly, "as will commonly be the case" where the mortgages are senior to judicial liens,

then, "the judicial liens **would not** impair the exemption."  *Id.*

Accordingly, the Debtor's analysis of 11 U.S.C. § 522(f)(1) is simply incorrect.  The

motion must be denied as it relates to Shree Ji.

Very truly yours,

*/s/ Donald F. Campbell, Jr.*
DONALD F. CAMPBELL, JR.

DFC/GEL
cc: Carlos D. Martinez, Esq. (Debtor's counsel)

RED BANK  •  TRENTON  •  NEW YORK CITY